**RAMZY PAUL LADAH, ESQ**.
Nevada Bar No. 11405
**BRANDON P. SMITH, ESQ.**
Nevada Bar No. 10443
**LADAH LAW FIRM**
517 S. Third Street
Las Vegas, NV 89101
litigation@ladahlaw.com
T: 702.252.0055
F: 702.248.0055
*Attorneys for Plaintiffs*
*YESENIA SANTAMARINA and*
*CLAUDIA ARAGON-TORRES*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| YESENIA SANTAMARINA; CLAUDIA ARAGON-TORRES,<br><br>Plaintiffs,<br><br>vs.<br><br>ANDREW LLOYD MULLINGS; DELTA EXPRESS, INC.; SUPERIOR TRANSPORTATION, INC.; DOES I through XX, inclusive; and ROE BUSINESS ENTITIES I through XX, inclusive,<br><br>Defendants. | CASE NO.   2:26-cv-00133-CDS-MDC<br><br>Judge: Cristina D. Silva<br>Magistrate Judge: Maximiliano D. Couvillier<br><br>**STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**Special Scheduling Review** |

**COME NOW** Plaintiffs YESENIA SANTAMARINA and CLAUDIA ARAGON-TORRES, by and through their counsel of record, RAMZY PAUL LADAH, ESQ. and BRANDON P. SMITH, ESQ., with the LADAH LAW FIRM, and Defendants DELTA EXPRESS, INC. and SUPERIOR TRANSPORTARION, INC., by and through its counsel of record, COLT B. DODRILL, ESQ. of WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP, and hereby submit the proposed stipulated Discovery Plan and Scheduling Order Pursuant to LR 26-1(d).

. . .

. . .

**A. The 26(f) Conference:**

On **February 23, 2026**, Brandon P. Smith, Esq., appearing on behalf of Plaintiffs and Colt B. Dodrill, Esq., appearing on behalf of Defendants Delta Express, Inc. and Superior Transportation, Inc., met and conferred as required by LR 26-1. Defendant ANDREW LLOYD MULLINGS has not yet appeared in the case.  At the conference there were no discovery disputes at that time.

**Pre-Discovery Disclosures:**

Pursuant to FRCP Rule 26(a)(1)(C), the parties believe fourteen (14) days are required to make their initial disclosures. Accordingly, Plaintiff and Defendant will make their pre-discovery disclosures, including but not limited to any Computation(s) of Damages of past and future medical expenses required pursuant to FRCP 26(a)(i)(A)(iii), by <u>March 30, 2026</u>.

**Areas of Discovery**:

The parties agree that the areas of discovery should include, but not be limited to: liability, causation, damages, and all claims and defenses allowed pursuant to the Federal Rules of Civil Procedure.

**The Proposed Discovery Plan:**

Based on the foregoing, the parties submit the following discovery scheduling order:

(1) **Discovery Cut Off Date**: Out of abundance of caution and due to Counsels' trial schedule, and the need to obtain medical records for ongoing treatment in this case (which routinely takes about 60 days) the parties anticipate there will be difficulties with completing discovery within the 180 days.  As a result, and to limit Court intervention, the parties request 240 days from the date of the Rule 26(f) conference of February 23,

2026 to complete discovery.  Therefore, all discovery must be completed no later than **OCTOBER 21, 2026.**

(2) **Amending the Pleadings and Adding Parties**: The last date for filing motions to amend the pleadings or to add parties shall not be later than 90 days prior to the close of discovery.  In this action the last date for filing motions to amend the pleadings or add parties shall be **JULY 23, 2026**.

(3) **Fed. R. Civ. P. 26(a)(2)Disclosures (Experts):** The last date for disclosure of expert witnesses shall be 60 days before discovery cut-off date.  In this action, the last date for disclosure of experts shall be **AUGUST 24, 2026**. Disclosure respecting rebuttal experts shall be made 30 days after the initial disclosures of experts, or by **SEPTEMBER 23, 2026**.

(4) **Dispositive Motions:** The last date for filing dispositive motions shall not be later than 30 days after the discovery cut-off date.  In this action, the last date for filing dispositive motions will be **NOVEMBER 20, 2026**.

(5) **Pretrial Order:** The Joint Pretrial Order shall be filed no later than 30 days after the date set for filing dispositive motions.  In this action, the Joint Pretrial Order shall be filed on or before **DECEMBER 21, 2026**.  In the event dispositive motions are filed, the date for filing the Joint Pretrial Order shall be suspended until 30 days after the decision of the dispositive motions or further order of the Court.

(6) **Fed. R. Civ. P. 26(a)(3) Disclosures:** The disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections thereto shall be included in the Pretrial Order.

(7) Stipulations Regarding Limitations or Conditions or Additional Discovery:

    A.    Timing: The timing for discovery shall be as permitted under the

Federal Rules of Civil Procedure and the Local Court Rules except as otherwise stated herein.  Initial Disclosures shall be made on or before **March 30, 2026**.

B.      Subjects of Discovery: Within the parameters of the claims set forth in the pleadings on file, discovery is not deemed to be limited in scope at this time.

C.      Electronic Discovery and Electronic Service: The parties have agreed that electronic discovery should be produced in electronic format searchable by all parties. The Parties also agree to electronic service of all discovery and agree that the following parties must be copied for service to be considered effectuated:

> colt.dodrill@wilsonelser.com
> brandon@ladahlaw.com
> joanna.alo-sitagata@wilsonelser.com
> joanee@ladahlaw.com

D.      Privileged Information: The parties agree that should any privileged, proprietary or confidential information become the subject of disclosure in this matter the parties will attempt to enter into a stipulated protective order concerning disclosure and use of that information solely as necessary to the proof issues within the context of this litigation.  The parties agree that should any privileged, proprietary or confidential information be inadvertently disclosed, the inadvertent disclosure does not operate as a waiver of privilege or confidentiality, and the inadvertently disclosing party shall be entitled to prompt return or destruction of inadvertently disclosed and privileged information in accordance with FED. R. Civ. P. 502, and/or to its protection in accordance with any protective order entered in this matter.

E.      Changes or Limitations: The parties will proceed to engage in discovery as permitted under the federal Rules of Civil Procedure and the Local Court Rules, including Depositions, Interrogatories, Requests for Production of Documents

4

and Requests for Admissions, with no anticipated changes or limitations identified at this time.

F.    Other Orders Under 26(c) or 16(b) or (c): None at this time.

(8) **Alternative Dispute Resolutions**: Counsel for the parties certify that they met and conferred about the possibility of using alternative dispute resolution, including mediation, arbitration and/or an early neutral evaluation. The parties agree that an early neutral evaluation would not be effective at this time as the parties and their counsel believe that it is necessary to conduct discovery before attempting to resolve this case. Counsel further agree that a settlement conference or private mediation will be beneficial after discovery is concluded. Finally, the parties and their counsel are not interested in submitting this case to arbitration, at this time.

(9) **Alternative Forms Of Case Disposition**: The parties considered consent to trial by magistrate judge under 28 U.S.C. § 626(c) and FRCP 73 and the use of the Short Trial Program, and at this time do not consent to trial by magistrate or the short trial program.

(10) **Electronic Evidence**. The parties certified they discussed whether they intend to present evidence in electronic format to jurors, and the parties determined at this time there would not be any. If the parties revisit the presentation of any electronically stored information, they will file the appropriate stipulation with the Court.

(11) **Extensions or Modifications of the Discovery Plan and Scheduling Order**: Applications to extend any date set by the discovery plan/scheduling order shall be received by the Court on or before twenty-one (21) days before the expiration of the subject deadline and must fully comply with Local Rule 26-4 by including the following: A statement specifying the discovery completed by the parties as of the date of the

5

motion or stipulation; specific description of the discovery, which remains to be completed; the reasons why remaining discovery was not completed within the time limits of the existing discovery deadline; and proposed schedule for the completion of all remaining discovery.

DATED this 23rd day of March 2026.

DATED this 23rd day March 2026.

**LADAH LAW FIRM**

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

/s/ Brandon P. Smith, Esq.

/s/ Colt B. Dodrill, Esq.

_____

_____

RAMZY P. LADAH, ESQ.
Nevada Bar No. 11405
BRANDON P. SMITH, ESQ.
Nevada Bar No. 10443
517 S. Third Street
Las Vegas, NV 89101
*Attorneys for Plaintiffs*
*YESENIA SANTAMARINA and*
*CLAUDIA ARAGON-TORRES*

COLT B. DODRILL, ESQ.
Nevada Bar No. 9000
2231 E. Camelback Road, Ste. 200
Phoenix, AZ  85016
*Attorneys for Defendants*
*DELTA EXPRESS, INC. and SUPERIOR*
*TRANSPORTATION, INC.*

**IT IS SO ORDERED.** The parties did not correct paragraph 11 as requested by ECF No. 11. Extensions of discovery is governed by LR 26-3, not LR 26-4. The parties are cautioned they must please carefully read and comply with all of the obligations/ requests made by an order. Future failures to comply with orders may result in outright denial of stipulations.

DATED 3-26-26



_____
UNITED STATE MAGISTRATE JUDGE